# 7448

## S T A T E   O F   L O U I S I A N A

-------------------------------------------

GASPARD CUSACHS, et al.,  
            Appellants,  
      versus  
COLUMBIAN NATIONAL FIRE  
INSURANCE COMPANY,  
           Appellee.

:  
:  
:  
:  
:  
:  
:  
:

No. 7448,

COURT OF APPEAL.

-------------------------------------

O P I N I O N

Max Dinkelspiel, Judge.

-----------------------------

Plaintiffs sue the Columbian National Fire Insurance Company, a foreign corporation domiciled in Michigan, claiming under a policy issued originally on the 26th of May 1917 to one W. B. Lancaster - who for valuable consideration transferred and assigned same to plaintiffs in this cause - insuring said W. B. Lancaster from loss by fire on a policy issued by the defendant on property situated in Mandeville, in this state; that the policy was transferred and assigned to plaintiffs, and that the company consented to said transfer and assignment, as appears from the assignment and transfers contained on the policy itself; that under the terms of the policy, loss was payble to the holder of mortgage note or notes as interest may appear, and at the time of the issuance and execution of the said policy of insurance against loss by fire there was outstanding a mortgage note executed by petitioner, one E. J. Bagur, upon the lot of ground upon which the building was standing, in the sum of $1200.00, dated New Orleans, February 27th, 1917, properly endorsed "Ne Varietur" to identify it with an act of sale and mortgage passed before John Wagner, Notary Public, February 27th, 1917, the mortgage note being paraphed by said Wagner, which note bore eight per cent interest per annum, and which said note and policy were filed as a part of the suit.

The petition goes on further to state that Bagur was then and is now the true and lawful owner of the lot of ground se-curing the aid mort, ~e note, together with all the improvements thereon and all the real and per~ ~ property covered by in-surance against less by fire by ‘      ‘ of the said policy hereto annexed and fully described ᵤᵤᵤᵢ    that on or bort

224  .

December 20, 1917, a fire broke out in said premises, which fire
totally destroyed the building aforesaid and all the contents "
thereof, making your petitioner's loss insured against fire under
said policy herein a total loss, and that the said building in-
sured herein cost more than the sum of $300.00; that your peti-
tioners notified the defendant company to send an inspector and
adjuster, and offered to go into an adjustment with the said
company of the loss under the said policy, and the said defendant
did actually proceed to adjust the loss, and within a short period
thereafter, the exact date of which your petitoners are unable to
give, furnished petitioners with the proof of loss, which your
petitioners filled out and filed with said company; that there-
after petitioners awaited the payment of the amount due under
the said policy aforesaid in accordance with the policy and the
proof of loss filed by them, but the defendant notified them on
March 26, 1918, through their attorney, and through their adjuster,
one J. J. Kennedy, that they denied all liability under the said
policy, and petitioners aver that the grounds of denial of liabili-
ty were untrue and incorrect.

Petitioners allege further that they have fully complied with
and fulfilled all the terms and covenants and conditions of the
said policy, including the payment of the premium demanded by said
company at the time of the issuance of the said policy, and with
all other stipulations agreed to be performed by your petitioners,
or either of them, with repect to the said contract of insurance;
further allege that more than sixty days have elapsed from the
date of the notification of the loss of your petitioners under the
said policy, and that the said company has failed and neglected
to pay the amount of the said policy to your petitioners, but, on
the contrary, declined to do so, and that under the terms of Act
168 of 1908 your petitioners are therefore entitled, by reason
of the active violation by said defendant of the terms of the con-

■

225

tract and of the law, to claim the loss sustained by them together with damages for the total amount of the loss in the sum of twelve per cent, and twenty-five per cent attorney's fees, which is alleged to be a reasonable amount for the prosecution of the rights of your petitioners, - together with legal interest from December 20, 1917.

They pray that the defendant be duly cited according to law, through its proper officer, or through the Secretary of State of Louisiana, to appear and answer unto this petition, and for judgment after all due proceedings had, and for general relief.

CITATION: "On the 4th day of April 1918 srved a copy of the within citation & accompanying petition on Columbian National Fire Insurance Company, defendant herein, by personal service on Robt J. D'Aquin, Secretary of D'Aquin's Insurance Agency, its agent.
"Returned same day.
"John C. Villa
"Deputy Sheriff
"of Orleans Parish."

In due course, defendant filed exceptions:

That without admitting the jurisdiction in this Honorable Court ratione personae or ratione materiae, your exceptor excepts for want of citation and to the form and manner of attempted citation of this exceptor in this cause, claiming an incorrect and null and void attempt at citation was made by serving a copy of the petition and a form of summons or citation upon one Robert J. D'Aquin, as secretary of the D'Aquin Insurance Agency, purported to be agent of exceptor with authority to be served with citation, whereas said purported agent and its secretary were without authority, by appointment or by law, to have citation served upon it on behalf of exceptor; because the Honorable James J. Bailey, as Secretary of State, is, and was, the sole and only agent

■

for the service of citation of the said company in the State of Louisiana.

Defendant then proceeds further to except, pleading:

And solely in the event that the above and foregoing exception be overruled, and the citation held good and binding, then, and then only, as an alternate exception, your excepter excepts to the said petition and shows that the Honorable, the Civil District Court of the Parish of Orleans, is without authority, power and jurisdiction, ratione personae and ratione materiae, to hear and determine the issues and things set forth in the said petition, or over the person or property of exceptor, because:

By Act No. 71, page 187, - being an act amendatory to Article 165 of the Code of Practice, paragraph 10 of said act, it was and is specifically provided that all suits on a policy of fire insurance must be brought, and the defendant insurance company must be sued, 1st: at the domicile of the insurance company, which domicile is averred to be in the State of Michigan, and which is in the State of Michigan; 2nd.; or in the place where its principal agency is established, your exceptor showing that the only principal agency which this exceptor has is that established under the provisions of Act 105 of the year 1908, by and under which the Secretary of State, and he alone, is designated and made the sole and exclusive agent of exceptor for the purpose of citation, which said agent, and the principal agency thereby established, is in the City of Baton Rouge; 3rd:   or in the parish where the loss occurred, which, in the petition, is averred to be in the town of Mandeville, in this state.

Finally, defendant prays:

First, that the exception of want of citation be maintained; and

Second, if the first said exception be not maintained, then that the second exception be considered and maintained, as an alternate exception; and, finally, that plaintiffs' petition be dismissed at plaintiffs' cost.

Act 267 of 1914, provides:

For the admission into the state of corporations formed in other states of the Union and elsewhere, and the liabilities, duties and obligations of such corporations when admitted into the state.

Section f. o⸋ the said act provided:

To confer upon the courts of this state jurisdiction and authority over all matters connected with the organization, management, conduct, acts and dissolution of corporations, both domestic and foreign, and their officers, agents and employees.

Section g provides as follows:

To confer upon the Secretary of State, the Attorney-General and other officers of the state authority over all matters connected with the organization, management, conduct and other acts and the dissolution of corporations, both domestic and foreign, and their officers, agents and employees.

Section h. provides:

To provide for the manner in which corporations and their officers, agents and employees may be served with legal process, and the manner in which they may be brought into court in the absence of such service,

228

and to fix the venue of all suits against them, and
to fix when prescription against corporations shall
be interrupted.

Section 16 provides:

That the president, Vice-President or manager of
any corporation organized under the laws of Louisiana,
or of a foreign corporation doing business in this
state, shall have power . . . . . . .

Section 23 of the act provides:

That any corporation formed in any state . . . . .
shall be entitled to a certificate from the Secretary
of State, authorizing it to exercise the same powers,
rights and privileges as are accorded to similar domes-
tic corporations organized under this act . . . . . .

Section 24 provides:

That any foreign corporation, or the agent of
any foreign corporation who shall do business in
this state shall be guilty of a misdemeanor for not
complying with the preceding section.

Section 25 provides:

That service of all legal process on any corpo-
ration subject to the provisions of this act may be
made in this manner:  . . . . . . .

Again:

If the cause of action results from any other
cause, the venue of the action shall be in the parish
where is, or was located, the particular office
which had supervision of the transaction from which
the cause of action arose or at the domicile of the
corporation, at the option of the plaintiff.

■

The exceptions filed by the defendant, want of citation, and, in the laternative, should this exception be overruled, want of jurisdiction:

In the court a quo, the judgment rendered reads as follows:

"ON EXCEPTION TO THE JURISDICTION:

Said exception, herein filed on April 22nd, 1918 in behalf of the defendant, having been tried and submitted to the Court: . . . . .
It is ordered by the Court that said exception be, and same hereby is, maintained; and accordingly it is ordered, adjudged and decreed that there be judgment herein in favor of defendant, Columbia National Fire Insurance Company, and against petitioners, Gaspard Cusachs and E. J. Bagur, dismissing said petitioners's suit, with costs as of non suit.

In our opinion, the judgment of the lower court dismissing the suit does away with the exception of citation. Our Supreme Court, in the 39th La. An. Reports, in the case of Edward Conery et al., v. the New Orleans Water Works Company et al., at page 770, in the syllabus, which is carried out in the opinion, said:

"Where an exception is filed denying the capacity or right of the plaintiff to sue or stand in judgment, and together with this exception an answer to the merits or a peremptory exception determinative of the suit, this court, on reversing that judgment, will remand the case to be tried on the other issues raised by the pleadings."

And in the 115 La., at page 911, City of New Orleans v. New Orleans Jockey Club, - again from the syllabus:

"Where a distinct issue, raised by way of defense, has been categorically disposed of adversely to the defendants by means of a final judgment, which, maintaining another defense, dismisses the suit, and the plaintiff alone appeals, whilst the defendants neither join in the appeal nor answer it, praying for amendment of judgment, the issue thus decided is eliminated, so far as the appeal is concerned, since the ruling thereon cannot be reversed without amending the judgment appealed from, and the judgment cannot be amended to the prejudice of the appellant and for the benefit of an appellee, who has not asked for such amendment in the manner provided by law."

The matter of citation being therefore disposed of, it follows that the defendant was duly <u>cited</u> in the parish of Orleans; that is to say; the defendant was found in the parish. Being a foreign corporation, and having (according to its own contention) no known place of residence in the state, it was properly sued before the court of the parish where it was <u>found</u>. This is the text of the fifth paragraph of Article 165 of the Code of Practice as amended by Act 71 of 1914 p. 188.

It is contended however that the tenth paragraph of the same article modifies this rule as to Insurance Companies. We think not.

x x x
That paragraph reads, "In all suits on a policy of fire insurance, the defendant may be sued at the domicile of the insurance company, or in the place where its principal agency is established, or in the parish where the loss occurred x x."

As this paragraph applies as well to domestic as to foreign· corporations, it is clear that the purpose thereof was to extend, not to <u>restrict</u>, the venue of suits upon insurance policies; in other words the evident purpose of the amendment was simply to afford the assured the additional privilege of bringing his suit in the parish where the fire occurred. See also 115 La. 925.

Be that as it may, it is clear that it was never the purpose of the amendment to allow a foreign insurance company by failing to establish a "principal agency" within the state (as this defendant claims to be the case with it) to restrict the venue of suits upon its policies to the single parish where the loss has occurred.

For it is clear that the appointment of the Secretary of State as its attorney for the service of citation, does not constitute the office of the Secretary of State its "principal agency"; the words of the statute being clearly meant in the sense of Constitutional requirement, to wit, a "place of Business". Const Art 264.

We think a foreign insurance company may be sued in any parish in which the plaintiff can succeed in serving it, particularly where such insurance company has failed to establish some certain place of business as its principal agency

And accordingly we think the district court had jurisdiction in this case.

It is therefore ordered that the judgment appealed from be reversed and the case is now remanded to the court aqua for further proceedings according to law.     231